# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

KIMBERLE C ODEGARD, Trustee of the )
Kimberle C. Odegard Revocable Living Trust, )
                                    )
        Plaintiff, )
                                    )
        v. )                  No. 4:26-cv-00254-DGK
                                    )
ALAMANA INVESTMENTS, INC., )
                                    )
JACKSON COUNTY SHERIFF'S DEPT., )
                                    )
BLUE SPRINGS POLICE DEPT., )
                                    )
JOHN DOE, Civil Process Servers, et al., )
                                    )
        Defendants. )

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This lawsuit arises from an unlawful detainer case brought against *pro se* Plaintiff Kimberle Odegard in the Circuit Court of Jackson County, Missouri. The complaint makes wide-ranging allegations about unlawful events leading to a Missouri court apparently authorizing her ejection from her home: fraudulent records in the Jackson County Assessor's office submitted by Defendant Alaman Investments and its officers and attorneys, false reports made to—and acted upon by—the Blue Springs Police Department about Plaintiff trespassing on the property, destruction of law enforcement records, identity theft, etc., all stemming from Plaintiff's removal from her home, which the Missouri court system approved. The defendants are a list of entities or individuals associated with the unlawful detainer case.

Pending before the Court are Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs, ECF No. 1, and Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction Without Notice, ECF No. 3. Because the Court

lacks subject matter jurisdiction (that is, legal power) to hear this dispute, the motions are DENIED, and this case is DISMISSED WITHOUT PREJUDICE.

Federal courts are courts of limited jurisdiction, and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Whenever it appears that a federal court lacks subject matter jurisdiction over a dispute, the court is obliged to dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3); *see Kokkonen*, 511 U.S. at 377.

The Court holds it lacks subject matter jurisdiction over this case pursuant to the Rooker-Feldman doctrine. Plaintiff is attempting to sue in federal court to reverse the result in an unlawful detainer case, an event authorized by a Missouri trial court and apparently affirmed on appeal by a Missouri appellate court. Plaintiff contends these decisions were based upon fraud and were illegal and unconstitutional. In other words, Plaintiff contends the Missouri state court system has erred, and this federal district court should intervene to set the matter right.

The problem with this request is that federal jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis Cnty*, 222 F.3d 488, 492 (8th Cir. 2000). The Rooker-Feldman doctrine provides that federal district courts, such as this one, may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (holding the Rooker-Feldman doctrine prohibits a lawsuit brought in federal district court alleging a state court wrongly decided custody issues and unconstitutionally infringed on the plaintiff's rights). This doctrine forecloses both straightforward appeals from state court decisions and "also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). It also prohibits lower federal courts from exercising jurisdiction over all "general

constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492-93.  A general federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987).  That is, the doctrine bars claims where the requested federal relief would void the state court's judgment or essentially reverse the state court's holding.  *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001).  In this case, because this lawsuit can only succeed if the Missouri judicial system wrongly found Plaintiff did not have a legal right to be in her home, the Rooker-Feldman doctrine bars this Court from hearing this lawsuit.

Hence, the Court lacks subject matter jurisdiction to hear this case, and so it must be DISMISSED.  Plaintiff's pending motion for a temporary restraining order is DENIED WITHOUT PREJUDICE as MOOT.

**IT IS SO ORDERED.**

Date:   March 26, 2026             /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT